UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC RANDSOM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-00323 |
| ASTRA BUSINESS SERVICES PRIVATE LIMITED, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ERIC RANDSOM ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ASTRA BUSINESS SERVICES PRIVATE LIMITED("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and represented to Plaintiff that it maintained an office in Indiana.

### PARTIES

4. Plaintiff is over the age of 18 and a natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant's states, "Our main goal is to help our clients, mostly collection agencies and debt buyers, transform their businesses by helping them become more productive and cost effective."[1]  With a domestic office located at 176 Mine Lake Court, Suite 100, Raleigh, North Carolina, Defendant is in the business of collecting consumer debts for others throughout the country, including in Indiana.  Defendant purports to be a member of the ACA, an association of debt collectors.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. Throughout 2017, Plaintiff has received calls to his cellular phone, (313) XXX-5207 from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5207.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://astraglobal.com/

2

10. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon a medical debt he allegedly owed.

11. Upon speaking with Defendant, he advised that the subject consumer debt should have been covered by insurance and he did not owe it. Plaintiff further instructed Defendant to cease calling him.

12. Despite his request, Defendant has continued to call Plaintiff throughout 2017. Defendant has specifically stated to Plaintiff that it will not stop calling until the subject consumer debt is paid.

13. Defendant has called Plaintiff's cellular phone using various phone numbers, including (313) 208-7837.

14. Upon information and belief, the phone number ending in 7837 is utilized by Defendant during its debt collection activity.

15. When Plaintiff answers calls from Defendant, he experiences a noticeable pause, lasting approximately four to five seconds in length, before a live representative begins to speak.

16. Plaintiff has told Defendant to stop calling him on a number of occasions.

17. Plaintiff has received *at least* 15 calls from Defendant since asking it to stop calling.

18. Additionally, Defendant is reporting the subject consumer debt as due and owing on Plaintiff's credit report.

19. Plaintiff has never received any written correspondence from Defendant.

20. Plaintiff has been told by Defendant that it has an office in Indiana.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $28.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. The debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect a debt after being told to stop was harassing and abusive.  Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

31. Defendant specifically stated to Plaintiff that the calls would not stop until the subject consumer debt was paid.  This threat on continued calls naturally served to harass Plaintiff.

32. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to him.

    b. **Violations of the FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it was also told to stop calling.

37.  Defendant violated §1692e(8) when it failed to notate that the subject consumer debt was disputed by Plaintiff during its credit reporting.

    c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being told to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop is unfair and unconscionable behavior.   These means employed by Defendant only served to worry and confuse Plaintiff.

39.  As pled in paragraphs 21 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ERIC RANDSOM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40.  Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticable pause, lasting approximately four to five seconds in length, that Plaintiff experienced prior to being connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43. Any consent that Plaintiff *may* have given to a party of interest to call him regarding the subject consumer debt was specifically revoked.

44. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ERIC RANDSOM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 31, 2017                                            Respectfully submitted,

s/ Nathan C. Volheim                                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                           Counsel for Plaintiff
Admitted in the Northern District of Indiana                    Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150                                       900 Jorie Blvd, Suite 150
Oak Brook, IL 60523                                             Oak Brook, IL 60523
(630) 630-568-3056 (phone)                                      (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com